IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 07-30056 |
| | ) | |
| DEWONDELL KING, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

This cause is before the Court on Defendant Dewondell King's Motions for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense (d/e 56). Because Defendant was sentenced to the statutory mandatory minimum, he is not eligible for a reduced sentence under 18 U.S.C. § 3582(c)(2). Therefore, Defendant's Motion for Retroactive Application of the Sentencing Guidelines to Crack Cocaine Offense (d/e 56) is DISMISSED for lack of subject matter jurisdiction.

## FACTS

In January 2008, Defendant pleaded guilty to one count of

Possession with Intent to Distribute 50 or More Grams of Cocaine Base (Crack). At Defendant's sentencing hearing, the district court held Defendant accountable for 248 grams of and 249.3 grams of cocaine. Pursuant to U.S.S.G. § 2D1.1, Defendant was held accountable for 5,009.86 kilograms of marijuana after converting all the drug quantities to marijuana from amounts involved in the counts of conviction and amounts involved as part of relevant conduct. This resulted in a base offense level of 32. After a three-level adjustment for acceptance of responsibility, Defendant's final offense level was 29. With a criminal history of I, Defendant's guideline range was 87 to 108 months.

Despite that guideline range, however, Defendant was subject to a statutorily required minimum sentence of 10 years. 21 U.S.C. § 841(b)(1)(A). Therefore, Defendant's guideline range was 120 months. See United States Sentencing Guidelines (U.S.S.G.) § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence").

On November 10, 2011, Defendant filed a pro se Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense (d/e 56). Pursuant to Administrative Order 11-MC-2042, this Court appointed the Federal Defender to represent Defendant on his Motion.

On November 28, 2011, Jonathan E. Hawley, Chief Public Defender, moved to withdraw as counsel for Defendant. Hawley concluded Defendant was ineligible for a reduced sentence pursuant to the retroactive amendment to the crack cocaine guideline because Defendant's statutory mandatory minimum sentence of 120 months' imprisonment. Also on November 28, 2011, this Court granted Hawley leave to withdraw and granted Defendant until December 30, 2011 to supplement his motion or file a new motion for a reduced sentence. Defendant did not file a supplement to his motion or a new motion for a reduced sentence.

## ANALYSIS

In 2010, Congress passed the Fair Sentencing Act of 2010 (Act),

which amended 21 U.S.C. § 841(b)(1) by, among other things, raising the amount of crack that mandated minimum prison sentences. See Pub. L. No. 111-220, 124 Stat. 2372; see also 21 U.S.C. § 841(b)(1); United States v. Vance, 659 F.3d 613, 616 (7th Cir. 2011). As is relevant to Defendant, the Act raised the amount of crack that triggers the mandatory 120 months minimum from 50 grams to 280 grams. See 21 U.S.C. § 841(b)(1)(A). If Defendant were sentenced today, he would not be subject to the mandatory minimum sentencing provision because his offense involved less than 280 grams of crack. However, the Seventh Circuit has held that the Act does not apply retroactively. United States v. Bell, 624 F.3d 803, 814-15 (7th Cir. 2010). Therefore, the amendment in the Act does not entitle Defendant to a reduction in his sentence.

A district court has "limited power to revisit sentences once they are imposed." United States v. Goode, 342 F.3d 741, 743 (7th Cir. 2003). Section 3582 of the United States Code permits a court to modify a previously imposed term of imprisonment where (1) the defendant was

sentenced "to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" and (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). If the defendant cannot satisfy the first criterion, the court lacks subject matter jurisdiction to consider the reduction request. United States v. Forman, 553 F.3d 585, 588 (7th Cir. 2009).

In this case, Defendant's sentencing range was not subsequently lowered by the Sentencing Commission. At sentencing, Defendant's guideline range was 87 to 108 months. Because Defendant was subject to the statutory mandatory minimum sentence of 120 months, that term– 120 months– became his guideline sentence. See, e.g., U.S.S.G. § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence"). The Sentencing Commission did not subsequently lower that sentencing range, which was based on the statutory mandatory minimum sentence.

Although the Act amended the statutory mandatory minimum sentences, the Act does not apply retroactively. Bell, 624 F.3d at 814-15.

This result, while unfortunate, is in accord with Seventh Circuit precedent and the Sentencing Guidelines. See United States v. Poole, 550 F.3d 676, 679 (7th Cir. 2008) (finding the defendant was not entitled to a sentence reduction under § 3582(c)(2) because the defendant's sentence was based on the statutory minimum sentence and not on the range the Commission subsequently lowered (Amendment 706 pertaining to crack cocaine sentences)); See United States v. Monroe, 580 F.3d 552, 559-60 (7th Cir. 2009) ("The 'starting point' for Mr. Monroe's sentence was the statutory, mandatory minimum sentence; that minimum sentence was not reduced or otherwise affected by Amendment 706, which impacted only Mr. Monroe's base offense level, not his 'sentencing range.'"); U.S.S.G. § 1B1.10 cmt. n. 1(A) ("[A] reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if: . . . the amendment does not have the effect of lowering the

defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g. a statutory mandatory minimum term of imprisonment));  See also, e.g., Martin v. United States, 2011 WL 5507423, at *17 (E.D.N.Y. 2011) (finding that the defendant was not eligible for a reduction in sentence under § 3582(c)(2) because his sentencing range was based on the statutory mandatory minimum sentence).

Because Defendant was not sentenced "to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," he is not entitled to a reduction under § 3582(c)(2).  This Court lacks subject matter jurisdiction to consider the reduction request.  Forman, 553 F.3d at 588.

## CONCLUSION

For the reasons stated, Defendant's Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense (d/e 56 and 25) is DISMISSED for lack of subject matter jurisdiction.

ENTERED: January 3, 2012

FOR THE COURT:

                                                    s/ Sue E. Myerscough
                                                 SUE E. MYERSCOUGH
                                        UNITED STATES DISTRICT JUDGE